IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL D. STUBBS,
          Plaintiff,

vs.                                             5:07cv217/RH/MD

UNITED STATES,
          Defendant.

## REPORT AND RECOMMENDATION

This matter is before the court upon the Federal Defendant's Motion to Dismiss (doc. 18) and plaintiff's response thereto. (Doc. 19). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

Plaintiff initiated this action through the filing of a pleading entitled "verified amended complaint bill in equity in the nature of: appeal from the Administrative Office of the United States Courts Denial of Administrative Tort Claim/Writ of Execution Pursuant to Federal Rules of Civil Procedure Rule 69." (Doc. 1). He ultimately paid the $350.00 filing fee. (Doc. 10). Plaintiff moved to transfer the case to the United States Court of Claims pursuant to 28 U.S.C. § 1631 or in the alternative request "for the United States to agree to have this court hear the common-law copyright infringement action currently pending in this court." (Doc. 16). His request for transfer was denied, as the first page of the complaint clearly indicated that plaintiff invoked this court's jurisdiction under 28 U.S.C. § 2674, the Federal Tort Claims Act ("FTCA").

The government has moved to dismiss the complaint on several grounds. First, it states that the United States, Inc. is not a valid entity. The nature of the plaintiff's

complaint makes clear that it is the United States of America a/k/a the "United States" that is the actual defendant in this action. (Doc. 15).

The government has also asserted that the plaintiff failed to properly serve the defendant in this action, although it does not identify the alleged errors or deficiencies in service. Plaintiff indicates that he sent a copy of the summons and complaint to the United States Attorney General and to the Civil Process Clerk for the Office of the United States Attorney for this district. It is not clear what other individual or entity the defendant claims should have been served. Thus, no dismissal on this basis is unwarranted.

The government further claims that plaintiff's complaint does not establish a basis for the court's jurisdiction. To the contrary, on the first page of the complaint, plaintiff asserts that this court has jurisdiction under 28 U.S.C. § 2674, et seq.

The government then asserts that the court does not have jurisdiction over plaintiff's complaint if it sounds in tort, because plaintiff has failed to set out whether he has exhausted the necessary administrative prerequisites. However, appended to both the plaintiff's complaint and the government's motion is a letter from the Administrative Office of the United States dated March 19, 2007 denying plaintiff's tort claim dated October 23, 2006, and advising him that if he is dissatisfied with the agency's disposition of his claims, that he had the right to file suit within six months of the date of mailing of the letter. (Doc. 1; doc. 18, exh. 3). This letter establishes that plaintiff has complied with the prerequisites under the FTCA. See 28 U.S.C. § 2675. Thus, to the extent the government makes a factual attack on the court's jurisdiction based on plaintiff's failure to exhaust (doc. 18 at 5), its own evidence defeats the motion.

The government next contends that even if the plaintiff has exhausted his administrative remedies, he cannot establish subject matter jurisdiction under the FTCA. The FTCA creates a limited waiver of sovereign immunity by providing that the United States shall be liable for certain torts "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. This section further provides that the United States is entitled to assert any defense based on judicial or legislative immunity or other defenses. *Id.* Sovereign immunity can be waived only by the

sovereign, and the circumstances of its waiver must be scrupulously observed, and not expanded, by the courts. *Suarez v. United States,* 22 F.3d 1064, 1065 (11th Cir. 1994) (citing *United States v. Kubrick*, 444 U.S. 111, 117-18, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979)). The wrong of which plaintiff complains is the "unauthorized use, counterfeiting, of Claimant's Common-Law Copyrighted Property," (doc. 1 at 5), to wit, plaintiff's name. (See doc. 19, att. A). This alleged transgression appears to have occurred in the amended judgment in plaintiff's federal criminal case. The letter to the plaintiff from John L. Chastain, Assistant General Counsel, Administrative Office of the United States Courts, regarding his administrative pursuit of this claim states in part:

> It is this agency's conclusion that, because your claims are premised on the performance of judicial duties by a United States District Judge, the United States may assert absolute judicial immunity from liability. 28 U.S.C. § 2674. To the extent you allege violations of your constitutional rights, your claims are excluded from the coverage of the Federal Tort Claims Act. 28 U.S.C. § 2679(b)(2). You have also failed to prove any negligent or wrongful action that could give rise to federal tort liability under state law. 28 U.S.C. § 2672.

(Doc. 1, exh.; doc. 18, exh. 3). It is beyond cavil that judges acting in their judicial capacity are absolutely immune from damages suits. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.")(citing *Mitchell v. Forsyth*, 472 U.S. 511, 526-27, 105 S.Ct. 2806, 2815-16, 86 L.Ed.2d 411 (1985)); *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *see also Sun v. Forrester*, 939 F.2d 924, 925-26 (11th Cir. 1991), *cert. denied*, 503 U.S. 921, 112 S.Ct. 1299, 117 L.Ed.3d 521 (1992); *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") Plaintiff's claim that a federal judge should be liable for damages for "using" the plaintiff's name to identify plaintiff in the federal criminal proceeding against him is spurious and frivolous. Plaintiff's imagining that he can copyright his name to prevent its use by others is legally unfounded. Judicial immunity is

*Case No: 5:07cv217/RH/MD*

clearly applicable to such a claim. Likewise, there is no identifiable constitutional "tort" here that would subject the United States to liability.

Plaintiff's complaint also mentions alleged contractual violations, to which the government responds that even assuming that plaintiff's claim sounds in contract, rather than in tort, the court lacks jurisdiction. Part of plaintiff's claim is that respondent "entered into a self-executing contract" when it "without permission used Claimant's common-law copyrighted property, ie. Michael D. Stubbs, (and any variation or derivative of said TradeName/TradeMark), on its amended Judgment in a criminal case." (Doc. 1 at 6).[1] He seeks $8,000,000 in damages. Exclusive jurisdiction over a contract claim in excess of $10,000 involving the United States as a party rests in the Federal Court of Claims. However, plaintiff's copyrighting of his name does not create a self-executing "contract" regarding the use of his name that would prevent a court from using his name to identify him in court proceedings or in other legal documents, or an obligation on this or any other court that uses his name in such a manner to identify him to pay monetary damages. Plaintiff's claim is utterly without merit.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.' " *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam) (citation omitted); see also *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997) (plaintiff's allegations are construed in light most favorable to him). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-1969, 1974, 2007 WL 1461066, at *14, *10–*11 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state

---

[1] Plaintiff refers to a "fully incorporated Administrative Record" that has not been submitted to the court.

*Case No: 5:07cv217/RH/MD*

a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).  In this case, plaintiff's complaint regarding the allegedly tortious or contractually improper use of his name during his federal criminal proceedings is subject to dismissal for failure to state an actionable FTCA claim.

Based on the foregoing, it is respectfully RECOMMENDED:

The Federal Defendant's Motion to Dismiss (doc.18) be GRANTED and this case be dismissed.

At Pensacola, Florida, this 23rd day of January, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:07cv217/RH/MD*